EMANUEL LAW
Sacha V. Emanuel (State Bar No. 218705)
A Professional Corporation
 svemanul@live.com
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 881-6814
Facsimile: (310) 881-6801

Attorneys for Plaintiff
Conan Properties International LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONAN PROPERTIES INTERNATIONAL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ARH STUDIOS, INC., an Idaho corporation,<br><br>Defendant. | Case No.:_____<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br><br>**(2) UNFAIR COMPETITION (15 U.S.C. § 1125(a)); and**<br><br>**(3) UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200, et seq.)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Conan Properties International LLC ("**Plaintiff**") complains against Defendant ARH Studios, Inc. ("**Defendant**") and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. §1121.

2. This Court has personal jurisdiction over Defendant because, Plaintiff is informed and believes and based thereon alleges that: (i) Defendant is doing business in this district, and/or (ii) a substantial part of the wrongful acts committed by Defendant have occurred in interstate commerce in this district.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## THE PARTIES

4. Plaintiff Conan Properties International LLC is a Delaware limited liability company, with its principal place of business in Beverly Hills, California.

5. Plaintiff is engaged in the business of film and television financing and production as well as branding, merchandising and licensing trademarks and copyrights in, among other things, characters. Plaintiff owns the United States copyrights and trademarks associated with, among other characters, the fictional character "Conan," a/k/a "Conan the Barbarian" initially created by the author Robert E. Howard.

6. Plaintiff is informed and believes and on that basis alleges that Defendant ARH Studios, Inc. ("**Defendant**") is a corporation organized and existing under the laws of the State of Idaho. Plaintiff is informed and believes and on that basis alleges that Defendant is in the business of manufacturing and selling statues, toys, action figures and collectibles.

# GENERAL AVERMENTS

## Plaintiff's Ownership of the Conan Properties

7. Plaintiff owns and controls all right, title and interest in the fictional character "Conan," a/k/a "Conan the Barbarian," created by the author Robert E. Howard in the 1920s (the "**Conan Character**"). During his lifetime, Robert E. Howard was a prolific writer of fantasy stories published in that era's popular "pulp fiction" magazines.

8. In addition to other stories featuring the Conan Character, Robert E. Howard authored and/or co-authored the "Conan" stories which are registered with the United States Copyright Office, owned and controlled by Plaintiff, and listed in **Exhibit A** hereto. (These stories are collectively referred to herein as the "**Copyrighted REH Stories**").

9. The Conan Character has been portrayed in the Copyrighted REH Stories, and in multiple other media such as books, toys, comic books, video games, cover art, films and television series as having a constant, unique combination of identifiable and substantive traits. Because the Conan Character has been consistently visually and descriptively depicted in multiple media since at least the early 1970s, the Conan Character is sufficiently delineated so as to warrant copyright protection apart from the stories in which he first appeared, i.e., the Copyrighted REH Stories.

10. As a result of the consistent depiction of the Conan Character across all media worldwide, including, inter alia, those copyrights annexed hereto as **Exhibit B** (the "**Additional Conan Copyrights**"), the Conan Character is recognized in the minds of the consuming public as originating with, and controlled by, Plaintiff. Through this widespread public recognition, the Conan Character has garnered goodwill and has become a valuable asset to Plaintiff.

COMPLAINT

11. In addition to copyrights, Plaintiff also owns trademark registrations worldwide for the trademarks CONAN and CONAN THE BARBARIAN, including, *inter alia*, the trademarks listed in **Exhibit C** hereto and elements of indicia associated with the character Conan (the "**Conan Marks**").

12. The Conan Marks and the Conan Character (collectively referred to herein as the "**Conan Properties**") have been extensively and consistently used on and in connection with products (including, but not limited to, books and comic books), and in multiple media (including, but not limited to films, television series and video games) by Plaintiff since the 1970s. Substantial amounts of time, effort and money have been expended by Plaintiff over time in order to ensure that the public associates the name "Conan," the Conan Marks, and the Conan Character with Plaintiff and its products.

13. Plaintiff has been vigilant in protecting its interest in the Conan Properties. Plaintiff maintains an extensive and regulated licensing program with respect to "Conan"-brand products and productions, and has taken action against third parties throughout the world for the unauthorized use of the Conan Properties.

14. As a result of the continuous use and enforcement of the Conan Marks worldwide by Plaintiff and/or its predecessors-in-interest, the Conan Marks are recognized in the minds of the consuming public, and are now famous and serve to identify products provided by Plaintiff. Through this widespread public recognition, the Conan Marks have garnered goodwill and have become valuable assets to Plaintiff.

## Defendant's Infringement

15. Plaintiff recently discovered that Defendant has manufactured, distributed, sold, or offered to distribute or sell, unauthorized reproductions of a statue bearing and/or depicting the Conan Properties (the "**Infringing Work**").

16. The Infringing Work is promoted by Defendant on its facebook page by using, *inter alia*, the hashtags #Conan and #conanthebarbarian (**Exhibit D**).

17. Defendant is not authorized by Plaintiff to distribute the Infringing Work, nor has Plaintiff authorized, licensed, or in any manner allowed Defendant to manufacture, distribute, sell, or offer for sale any current products including, but not limited to, statues or related products which bear and/or depict the Conan Properties.

18. Defendant is well aware of Plaintiff's ownership of the Conan Properties as it has infringed upon Plaintiff's rights in such property the past. In or around 2012, Defendant without authorization or consent manufactured and distributed an infringing statue depicting the Conan Character. After Defendant's infringing conduct was discovered by Plaintiff, Defendant agreed to enter into a license agreement (which has expired) in which it agreed to license the Conan Properties, expressly recognize the validity of Plaintiff's ownership in such property, and refrain from challenging Plaintiff's ownership in the future.

19. Despite this recognition and agreement, Defendant has again violated Plaintiff's rights by manufacturing, distributing, selling or offering for distribution and sale, the Infringing Work without any license from Plaintiff or any person authorized by Plaintiff to consent thereto.

20. Defendant's use of the Conan Properties in commerce in the United States is wholly without any license from Plaintiff or anyone authorized to consent thereto.

## FIRST CLAIM FOR RELIEF
## FOR COPYRIGHT INFRINGEMENT

21. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 herein.

22. The Copyrighted REH Stories constitute copyrightable subject matter. Plaintiff is the owner of the exclusive rights under Section 106 of the Copyright Act in the Copyrighted REH Stories and the Additional Conan Copyrights.

23. The Conan Character has been portrayed in the Copyrighted REH Stories and the Additional Conan Copyrights, among other media, as having a constant, unique combination of identifiable and substantive traits. Because the Conan Character has been consistently visually and descriptively depicted in such media since at least the early 1970s, the Conan Character is sufficiently delineated so as to warrant copyright protection apart from the Copyrighted REH Stories.

24. The Infringing Work is directly based on artwork which first appeared as the cover art on a Conan book published in the 1970s to which Plaintiff owns the copyright.

25. Defendants have manufactured, distributed, sold, and/or offered for sale unauthorized reproduction statutes bearing and/or depicting the Conan Character.

26. Defendants have not been authorized, licensed, or in any manner allowed to manufacture, distribute, sell, or offer for sale, any products, including but not limited to, statues or related products which bear and/or depict the Conan Character.

27. By manufacturing, distributing, selling and/or offering to sell the Infringing Work, Defendant has infringed Plaintiff's exclusive rights under copyright, including the right to reproduce and distribute the Conan Character and to prepare derivative works based on the Conan Character.

28. Plaintiff is informed and believes and on that basis alleges that, at the time Defendant manufactured, distributed, sold or offered to sell the Infringing Work, Defendant knew of Plaintiff's existence and recognized that Plaintiff owned exclusive rights in the Conan Character.

29. Defendant's acts of infringement are therefore willful, in disregard of, and with indifference to Plaintiff's rights under copyright.

30. As a direct and proximate result of the foregoing acts and conduct of Defendant, Plaintiff has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's exclusive rights in the Conan Character.  Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502(a).

31. As a direct and proximate result of the infringements by Defendant, Plaintiff is entitled to damages and to Defendant's profits in amounts to be proven at trial which are not currently ascertainable.  Alternatively, Plaintiff is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

32. Plaintiff is also entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

## FOR UNFAIR COMPETITION UNDER LANHAM ACT §43(a) (15 U.S.C. §1125(a))

33. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 herein.

34. As a direct result of Plaintiff's longstanding use, sales, advertising, and marketing, the Conan Marks have acquired a secondary and distinctive meaning among the public who have come to identify the Conan Marks with Plaintiff and its products.

35. The Infringing Work that Defendant has sold and distributed, or intends to sell and distribute, has exactly duplicated and appropriated the Conan Marks and confused the public into believing that Plaintiff approved, authorized, or

sponsored the Infringing Work sold, offered for sale, distributed or intended to be distributed by Defendant.

36. Furthermore, the Infringing Work unfairly competes with Plaintiff's legitimate, licensed products which are currently in the marketplace or will be in the marketplace in the future.

37. By misappropriating and using the Conan Marks in connection with the manufacture, distribution, promotion, sale, or offer to sell the Infringing Work, Defendant is misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products. Defendant has caused, or intends to cause, such products to enter into interstate commerce willfully and with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from Plaintiff.

38. Defendant's acts, as set forth above, have caused irreparable injury to Plaintiff's goodwill and reputation. The injury to Plaintiff is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

39. Plaintiff is entitled to a preliminary and permanent injunction against Defendant pursuant to 15 U.S.C. § 1116 (Lanham Act §34).

40. Plaintiff is also entitled to compensatory damages, disgorgement of profits, and costs and attorney's fees pursuant to 15 U.S.C. §1117(a) (Lanham Act § 35).

## THIRD CLAIM FOR RELIEF
## FOR UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200

41. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 herein.

42. Plaintiff and its licensees have expended significant sums of money in advertising and marketing books, comic books, film, television, video games and consumer products featuring the Conan Properties and in creating a consumer demand for such products in California and elsewhere in the United States. Consequently, these products have become widely known and accepted.

43. Defendant has distributed and sold (or intends to distribute and sell) unauthorized statues of, depicting and/or bearing the Conan Properties, thereby passing them off as products authorized or distributed by Plaintiff.

44. Defendant has knowingly and willfully appropriated the Conan Properties in an effort to create the impression that the Defendant's unauthorized product is sanctioned by Plaintiff and to misappropriate all of the goodwill associated with the Conan Properties.

45. Defendant's acts constitute unfair competition and will, unless enjoined by this Court, result in the destruction or dilution of the goodwill in the Conan Marks and of Plaintiff's trademark rights to the unjust enrichment of the Defendant.

46. The unauthorized products that are sold by the Defendant are intended to and likely to deceive and mislead consumers who purchase them into believing that they originate with or are authorized by Plaintiff.

47. The continued passing off of such unauthorized products by Defendants has caused and unless restrained will continue to cause irreparable harm to Plaintiff.

48. Plaintiff has no adequate remedy at law and suffers irreparable harm as a result of Defendant's wrongful conduct.

49. Plaintiff has also suffered damages as a result of Defendant's wrongful conduct.

50. Plaintiff is informed and believes and based thereon alleges that Defendant engaged in the acts alleged herein maliciously, willfully, and with a wanton disregard for Plaintiff's rights and with the intend to injure Plaintiff and its business.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For a preliminary and permanent injunction that Defendant, and its respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, and each of them, immediately shall cease and refrain from:

a. Further infringing the Conan Properties by manufacturing, distributing, selling, marketing, offering for sale, advertising, promoting, displaying, otherwise disposing of any products bearing any reproduction, counterfeit, copy, or colorable imitation of any of the Conan Properties, not authorized by Plaintiff ("**Unauthorized Products**").

b. Using any reproduction, counterfeit, copy, or colorable imitation of any of the Conan Properties in the promotion, advertisement, display, sale, offer for sale, manufacture, production, or distribution of Unauthorized Products in such manner as to relate or connect or tend to relate or connect, such products in any way to Plaintiff or to any goods sold, manufactured, sponsored, or approved by or connected with Plaintiff;

c. Engaging in any other activity constituting unfair competition with or an infringement of any of the Conan Properties or Plaintiff's rights in, or to use or to exploit the Conan Properties.

d. Assigning or transferring, forming new entities or associations or using

any other device for the purpose of circumventing or otherwise avoiding the prohibits set forth in subparagraphs a. through c.;

 e. Secreting, destroying, removing, or otherwise dealing with the Unauthorized Products, or any books or records that may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all Unauthorized Products that infringe the Conan Properties;

 f. From aiding, abetting, contributing to, or otherwise assisting anyone from infringing upon the Conan Properties.

 2. Directing that Defendant deliver for destruction all Unauthorized Products, including statues, labels, signs, prints, packages, wrappers, advertisements and other materials relating thereto, in their possession or under their control bearing the Conan Properties.

 3. Directing the Defendant to report to this Court within thirty (30) days after a preliminary and/or permanent injunction is entered to show its compliance with paragraphs 1 and 2 above.

 4. For maximum statutory damages in the amount of $150,000 with respect to each copyright infringed, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c);

 5. For reasonable attorneys' fees and full costs, pursuant to 17 U.S.C. § 505;

 6. For compensatory damages, disgorgement of profits, and costs and attorney's fees resulting from Defendants' unfair competition pursuant to 15 U.S.C. §§ 1125(a) and 1117;

 7. For actual damages and Defendants' profits in such amounts as may be proved at trial;

 8. For prejudgment interest;

9. For punitive damages to Plaintiff for Defendant's willful acts of unfair competition; and

10. For such other and further relief as this Court deems just and proper.

DATED: July 15, 2016

By: *Sacha V. Emanuel*
Sacha V. Emanuel
Attorneys for Plaintiff Conan Properties International LLC

# **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable of right by jury.

DATED: July 15, 2016

By: *Sacha V. Emanuel*
Sacha V. Emanuel
Attorneys for Plaintiff Conan Properties
International LLC